IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **TYRIN GREEN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Case No.  6:22-cv-00306 |
| | § | |
| **SANDERSON FARMS, INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446, and Federal Rule of Civil Procedure 81, Defendant, Sanderson Farms, Inc. ("Defendant"), hereby removes to this Court the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

### A.    THE REMOVED CASE

1.    The removed case is a civil action filed with the 7th Judicial District Court of Smith County, Texas, on or about June 28, 2022, styled *Tyrin Green v. Sanderson Farms, Inc.*, Cause No. 22-1374-A ("the State Court Action"). The case arises from an alleged injury incident involving Plaintiff, Tyrin Green ("Plaintiff" or "Green"), while Green was employed by Sanderson Farms, Inc. (Processing Division). In his Original Petition, Green misidentified his employer as Sanderson Farms, Inc.

rather than Sanderson Farms, Inc. (Processing Division).

2. On July 29, 2022, Sanderson Farms, Inc. filed an Original Answer and Verified Denial and alleged that there was a defect of the parties and that it had been misidentified (because Sanderson Farms, Inc. (Processing Division) was Plaintiff's employer at the time of the alleged incident forming the basis of this lawsuit.

### B. DOCUMENTS FROM THE REMOVED CASE

3. Pursuant to Local Rule CV-81(c), Defendant attaches the following documents to this Notice of Removal:

   (a) A list of all parties in the case, their party type and current status;

   (b) A civil cover sheet; a copy of the state court docket sheet;[1] a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

   (c) A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

   (d) A record of which parties have requested trial by jury; and

   (e) The name and address of the court from which the case is being removed.

---

[1] According to the Smith County District Clerk, a certified copy of the state court docket sheet is not currently available electronically. Defendant has requested a certified paper copy of the state court docket sheet, but it has not yet arrived as of the time of this filing. Defendant will file a copy once received.

These documents are attached to this Notice of Removal as *Exhibit A.* Additionally, Defendant is simultaneously filing a separately signed Disclosure Statement that complies with Federal Rule of Civil Procedure 7.1.

### C.   REMOVAL IS TIMELY

4.   Green filed the present civil lawsuit against Defendant in the 7th Judicial District Court of Smith County, Texas, on June 28, 2022. Defendant was served with Plaintiff's Original Petition ("the Original Petition") in the State Court Action on July 6, 2022. In his Original Petition, Plaintiff asserts causes of action for negligence against Defendant.

5.   Defendant has filed this Notice of Removal within thirty days after receiving papers indicating that the present lawsuit was filed in the Smith County court, and subsequently became removable to the United States District Court for the Eastern District of Texas. Defendant, therefore, contends that this removal is timely made.[2]

### D.   VENUE IS PROPER

6.   The United States District Court for the Eastern District of Texas is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 7th Judicial District Court of Smith County, Texas, is located within the jurisdiction of the United States District Court for the Eastern District of Texas.

### E.   DIVERSITY OF CITIZENSHIP EXISTS

7.   This is a civil action that falls under the Court's original jurisdiction

---

[2] *See*, 28 U.S.C. § 1446(b)(3).

pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

8.  Green is a citizen of Texas.

9.  Sanderson Farms, Inc. is a foreign corporation formed under the laws of Mississippi. Sanderson Farms, Inc.'s primary place of business is Laurel, Mississippi. Pursuant to 28 U.S.C. § 1332(c)(1), Sanderson Farms, Inc. is a not a citizen of the State of Texas, and is not registered to do business in the State of Texas.

10. Sanderson Farms, Inc. (Processing Division) is a foreign corporation formed under the laws of Mississippi. Sanderson Farms, Inc. (Processing Division)'s primary place of business is Laurel, Mississippi. Pursuant to 28 U.S.C. § 1332(c)(1), Sanderson Farms, Inc. is a not a citizen of the State of Texas.

11. Because Green is a citizen of the State of Texas and Defendant is not a citizen of the State of Texas, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

F.  **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

12. In the Original Petition, Green alleges that he is seeking "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs."[3] As such, Green seeks to recover damages in excess of $75,000.

13. Based on the aforementioned facts, the current State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C.

---

[3] *See,* "Plaintiff's Original Petition" at ¶ 40, a true and correct copy of which is produced herein.

§ 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### G.   FILING OF REMOVAL PAPERS

14.   Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 7th Judicial District Court of Smith County, Texas, in which this action was originally commenced.

### H.   CONCLUSION

15.   Defendant, Sanderson Farms, Inc., hereby removes the above-captioned action from the 7th Judicial District of Smith County Texas, and requests that further proceedings be conducted in the United States District Court for the Eastern District of Texas, Tyler Division, as provided by law.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939

By:    /s/ *J. Edward Johnson*
          Zach T. Mayer
          State Bar No. 24013118
          Email: zmayer@mayerllp.com
          J. Edward Johnson
          State Bar No. 24070001
          Email: ejohnson@mayerllp.com
          G. Adrian Galvan
          State Bar No. 24108601
          Email: agalvan@mayerllp.com

**ATTORNEYS FOR DEFENDANT SANDERSON FARMS, INC.**

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 5th day of August 2022, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**VIA ECF AND EMAIL:**
chad@jchadparker.com
amy@jchadparker.com
J. Chad Parker
Amy Mills
J. CHAD PARKER, PLLC
3808 Old Jacksonville Road
Tyler, TX 75701

                                          /s/ *J. Edward Johnson*
                                             J. Edward Johnson